## PAHMEYER v. JACKSON.

No. 20284. Opinion Filed July 21, 1931.

Rehearing Denied Oct. 13, 1931.

F. E. Riddle and Chas. L. Harris, for plaintiff in error.

Paul D. Busby, for defendant in error.

HEFNER, J. This is an action in replevin

originally brought by Tom Jackson, in a justice of the peace court of the city of Tulsa, against C. C. Pahmeyer to recover trade fixtures of various kinds. Judgment was rendered in favor of plaintiff. Defendant appealed to the court of common pleas, where the judgment was also rendered in plaintiff's favor.

It appears that defendant originally owned the property in controversy. He executed a deed of trust thereon to secure various creditors, including plaintiff. The property was sold under the deed of trust, and plaintiff became the purchaser. On refusal of the defendant to deliver possession, this action was brought.

Defendant contends that the judgment should be reversed because the justice of the peace, as well as the court of common pleas, was without jurisdiction. We think this contention must be sustained.

Section 949, C. O. S. 1921, provides:

"The affidavit of the plaintiff, as to the value of the property, shall fix the jurisdiction of the justice so far as such value is concerned; but the value of the property shall not be assessed against the defendant at a greater amount than that sworn to by the plaintiff in his affidavit."

Plaintiff, in his affidavit of replevin, separately valued each article, and the aggregate value thereof totaled the sum of $500.

On the trial of the case in the justice court, an attempt was made to amend the affidavit so as to bring the amount within the jurisdiction of that court. Without passing on the validity of the amendment in the manner in which it was made, we do not think the amendment was sufficient to give the court jurisdiction. Since each article was separately valued in the affidavit and the aggregate value thereof exceeded the sum of $200, the justice of the peace was without jurisdiction.

This being true, the court of common pleas could not, by appeal, acquire jurisdiction.

Judgment is reversed, and the cause remanded, with directions to dismiss the action.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and KORNEGAY, JJ., concur. ANDREWS, and McNEILL, JJ., absent.